UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

YAMAHI HOGARTH,

                                Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER
OHMEED DAVODIAN, DETECTIVE SAED RABAH,
POLICE OFFICERS JOHN DOES 1 and 2,

                                Defendants.

---------------------------------------------------------------------- x

**ECF CASE**

**COMPLAINT**

06 CV 14315 (JSR) (DFE)

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  This case arises from a January 11, 2006 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, fabricated evidence, an illegal strip search, and malicious prosecution.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendants City of New York and Police Officer Ohmeed Davodian are located in and subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant

to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's federally protected rights took place in this district, specifically at NYPD Headquarters located at One Police Plaza, the Civilian Complaint Review Board located at 40 Rector Street, and Rikers Island Correctional Facility.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Ohmeed Davodian is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 11, 2006. Davodian is employed out of the 34th Precinct in New York County. Davodian is sued in his individual capacity.

7. Detective Saed Rabah is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 11, 2006. Rabah is sued in his individual capacity.

8. Police Officers John Does 1-2 are unidentified members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 11, 2006. John Does 1-2 are sued in their individual capacities.

## STATEMENT OF FACTS

9. On January 11, 2006, in the area of Newkirk and Flatbush Avenues, in Brooklyn, New York, Police Officer Ohmeed Davodian, Detective Saed Rabah, and two other police officers, identified herein as John Does 1 and 2, seized and searched plaintiff without

cause.  At all relevant times, and prior to being seized, plaintiff was simply walking on a public street obeying the law.

    10. Subsequent to seizing plaintiff, the defendant officers, acting in concert, unnecessarily and maliciously handcuffed plaintiff excessively tight creating marks on plaintiff's wrists and interfering with his circulation.

    11. The defendant officers then formally arrested plaintiff and took him to the 67th Precinct for arrest processing.

    12. On January 12, 2006, plaintiff was taken to Central Booking to await arraignment.

    13. Upon information and belief, while plaintiff was awaiting arraignment, Officer Davodian and Detective Rabah met with an assistant district attorney and, with malice, misrepresented that plaintiff had committed several felonies.

    14. As a result of the aforesaid misrepresentation, felony charges were filed against plaintiff.

    15. Plaintiff was subsequently arraigned in Criminal Court.

    16. The presiding judge set bail.

    17. Because plaintiff was unable to post bail, plaintiff was taken to and incarcerated in Rikers Island Correctional Facility.

    18. Upon being admitted to Rikers Island, plaintiff was strip searched and, while naked, ordered to squat and cough.  This strip search was illegal because it was conducted in front of numerous other prisoners.

    19. Plaintiff was incarcerated at Rikers Island for approximately five days.

20.     The criminal case against plaintiff was dismissed when the grand jury, after hearing plaintiff and the defendants testify, declined to indict plaintiff.

21.     As a result of defendants' actions, plaintiff experienced physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, pain, and loss of liberty.

## FEDERAL CLAIMS AGAINST DEFENDANTS OHMEED DAVODIAN, SAED RABAH, AND JOHN DOES 1-2

22.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-21 as if fully set forth herein.

23.     The conduct of defendants Ohmeed Davodian, Saed Rabah, and John Does 1-2, as described herein, amounted to false arrest, excessive force, fabricated evidence, and malicious prosecution.  This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK

24.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25.     The City of New York directly caused the constitutional violations suffered by plaintiff.

26.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

27.     Moreover, at all relevant times, the City of New York created and maintained a policy, practice, and custom of having correction officers at Rikers Island Correctional Facility illegally strip search pretrial detainees in a nonprivate manner in front of other detainees.

28.     All of the aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees;

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     December 11, 2006

CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

By:

_____
RICHARD J. CARDINALE (RC-8507)

5