UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YAMAHI HOGARTH,                                           ANSWER

                              Plaintiff,     Jury Trial Demanded

                -against-

THE CITY OF NEW YORK; POLICE OFFICER
OHMEED DAVODIAN, DETECTIVE SAED RABAH,                    06 CV 14315 (JSR)
POLICE OFFICERS JOHN DOES 1 and 2,

                              Defendants.
------------------------------------------------------------------------ x

       Defendants the City of New York, Ohmeed Davodian and Saed Rabah, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2.     Deny the allegations set forth in paragraph "2' of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

       4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

       5.     Admit the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Ohmeed Davodian is employed by the City of New York as a police officer, is assigned to the 34th Precinct and that plaintiff purports to proceed as stated therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Saed Rabah is employed by the City of New York as a police detective and that plaintiff purports to proceed as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint as it pertains to the unidentified individual.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff was arrested on January 11, 2006 in the vicnity of Newkirk and Flatbush Avenues in Brooklyn, N.Y.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was transported to the 67th Precinct

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was transported to Central Booking.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege paragraphs "1" through "21" of this answer as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

29. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

30. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

31. At all times relevant to the acts alleged in the complaint, defendants their agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, the City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

32. Defendants Ohmeed Davodian and Saed Rabah acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

33. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of non-parties and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

34. Punitive damages are not recoverable against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

35. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

36. The individual defendants Ohmeed Davodian and Saed Rabah have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

37. The plaintiff provoked any incidents.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

38. There was probable cause and/or reasonable suspicion for any search.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      February 6, 2007

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                      City of New York
                                      *Attorney for Defendants*
                                      100 Church Street, Rm. 3-220
                                      New York, NY 10007
                                      (212) 788-0711

By: _____
       Liora Jacobi [LJ 0347]
       Special Assistant Corporation Counsel

TO:  By Mail
       Richard Cardinale, Esq.
       Cardinale & Marinelli
       *Attorney for Plaintiffs*
       26 Court Street-ste. 1815
       Brooklyn, NY 11242
       (718) 624-9391

06 CV 14315 (JSR)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| YAMAHI HOGARTH,<br><br>                                        Plaintiff,<br><br>                  -against-<br><br>THE CITY OF NEW YORK; POLICE OFFICER OHMEED DAVODIAN, DETECTIVE SAED RABAH, POLICE OFFICERS JOHN DOES 1 and 2,<br><br>                                       Defendants. |
| **ANSWER** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Liora Jacobi*<br>*Tel: (212) 788-0711*<br>*NYCLIS No. 06SF* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.* ................................................... , *200 . . .*<br><br>............................................................................ *Esq.*<br><br>*Attorney for* ........................................................................ |

# DECLARATION OF SERVICE BY MAIL

I, Liora Jacobi, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on February 6, 2007, I caused to be served the annexed **ANSWER** to the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the united states postal service, within the state of New York, directed to said attorney(s) at the address(es) set forth below, being the address(es) designated by said attorney(s) for that purpose:

BY MAIL
Richard Cardinale, Esq.
Cardinale & Marinelli
*Attorney for Plaintiffs*
26 Court Street-ste. 1815
Brooklyn, NY 11242
(718) 624-9391

Dated:   New York, New York
         February 6, 2007

_____
LIORA JACOBI, ESQ.