UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YAMAHI HOGARTH,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
OHMEED DAVODIAN, DETECTIVE SAED RABAH,
SERGEANT EDWARD MANNONE, DETECTIVE
ERRIO PAUL, POLICE OFFICER STEPHEN RIVAS,
CORRECTION OFFICERS JOHN DOES 1-3,

                                  Defendants.

**ECF CASE**

**FIRST AMENDED COMPLAINT**

06 CV 14315 (JSR) (DFE)

Jury Trial Demanded

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. This case arises from a January 11, 2006 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, fabricated evidence, and malicious prosecution. This case further arises from a January 12 or 13, 2006 incident in which New York City Correction Officers illegally strip searched plaintiff at Rikers Island Correctional Facility in front of several other prisoners. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendants City of New York and Police Officer Ohmeed Davodian are located in and subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's federally protected rights took place in this district, specifically at NYPD Headquarters located at One Police Plaza, the Civilian Complaint Review Board located at 40 Rector Street, and Rikers Island Correctional Facility.

**PARTIES**

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Ohmeed Davodian is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 11, 2006. Davodian is employed out of the 34th Precinct in New York County. Davodian is sued in his individual capacity.

7. Detective Saed Rabah is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 11, 2006. Rabah is sued in his individual capacity.

8. Sergeant Edward Mannone is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 11, 2006. Mannone is sued in his individual capacity.

9. Detective Errio Paul is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 11, 2006. Paul is sued in his individual capacity.

10. Police Officer Stephen Rivas is an unidentified member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on January 11, 2006. John Doe is sued in his individual capacity.

11. Correction Officers John Does 1-3 are unidentified members of the New York City Department of Correction who strip searched plaintiff at Rikers Island Correctional Facility in front of several other prisoners on January 12 or 13, 2006.

## STATEMENT OF FACTS

12. On January 11, 2006, in the area of Newkirk and Flatbush Avenues, in Brooklyn, New York, Police Officer Ohmeed Davodian, Detective Saed Rabah, Sergeant Edward Mannone, Detective Errio Paul, and Police Officer Stephen Rivas seized plaintiff at gunpoint without cause. At all relevant times, and prior to being seized, plaintiff was simply walking on a public street obeying the law.

13. Subsequent to seizing plaintiff, the defendant officers, acting in concert, unnecessarily and maliciously handcuffed plaintiff excessively tight creating marks on plaintiff's wrists and interfering with plaintiff's circulation.

14. The defendant officers then formally arrested plaintiff and took him to the 67th Precinct for arrest processing.

15. On January 12, 2006, plaintiff was taken to Central Booking to await arraignment.

16. Upon information and belief, while plaintiff was awaiting arraignment, Officer Davodian and Detective Rabah met with an assistant district attorney and, with malice, misrepresented that plaintiff had committed several felonies.

17. As a result of the aforesaid misrepresentation, felony charges were filed against plaintiff.

18. Plaintiff was subsequently arraigned in Criminal Court.

19. The presiding judge set bail.

20. Because plaintiff was unable to post bail, plaintiff was taken to and incarcerated in Rikers Island Correctional Facility.

21. Upon being admitted to Rikers Island, plaintiff was strip searched and, while naked, ordered to squat and cough. This strip search was conducted in front of numerous other prisoners.

22. Plaintiff was incarcerated at Rikers Island for approximately five days.

23. The criminal case against plaintiff was dismissed when the grand jury, after hearing plaintiff and the defendants testify, declined to indict plaintiff.

24. As a result of defendants' actions, plaintiff experienced physical injuries and pain to his wrists, emotional distress, fear, embarrassment, humiliation, discomfort, and loss of liberty.

**FEDERAL CLAIMS AGAINST DEFENDANTS OHMEED DAVODIAN, SAED RABAH, EDWARD MANNONE, ERRIO PAUL, AND STEPHEN RIVAS**

25. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26. The conduct of defendants Ohmeed Davodian, Saed Rabah, Edward Mannone, Errio Paul, and Stephen Rivas, as described herein, amounted to false arrest, excessive force, fabricated evidence, and malicious prosecution. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL CLAIMS AGAINST DEFENDANT CORRECTION OFFICERS JOHN DOES 1-3**

27. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28. The conduct of Correction Officers John Does 1-3, as described herein, amounted to an illegal, nonprivate strip search. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

**FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK**

29. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30. The City of New York directly caused the constitutional violations suffered by plaintiff.

31. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the

City's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

32. Moreover, at all relevant times, the City of New York created and maintained a policy, practice, and custom of having correction officers at Rikers Island Correctional Facility illegally strip search pre-trial detainees in a nonprivate manner in front of other detainees.

33. All of the aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

  a. Compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. Costs, interest and attorney's fees;

  d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:	March 19, 2007
	Brooklyn, New York

                                                CARDINALE & MARINELLI
                                                26 Court Street, Suite 1815
                                                Brooklyn, New York 11242
                                                (718) 624-9391

                                                By:


                                              _____s/_____
                                              RICHARD J. CARDINALE (RC-8507)